# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SYDNEY WILLIAMS,         ) | |
|                          ) | |
|    Plaintiff,        ) | |
|                          ) | |
| v.                       ) | Case No.: _____ |
|                          ) | |
| BRISTOL AUBURN PARTNERS, LLC; ) | JURY TRIAL DEMANDED |
| and RAM PARTNERS, LLC;   ) | |
|                          ) | |
|    Defendant.        ) | |

## COMPLAINT

Plaintiff, Sydney Williams, brings this Complaint for damages and demand for jury trial against Defendants Bristol Auburn Partners, LLC, and Ram Partners, LLC, and states as follows:

## INTRODUCTION

1. Plaintiff, Sydney Williams, was a student at Auburn University until the fall of 2019 when, upon information and belief, she was exposed to toxic mold at "Two 21 Armstrong," an apartment complex located at 221 Armstrong Street, Auburn, Alabama 36830. Sydney became seriously ill and suffered severe personal injury. Upon information and belief, the subject apartment complex is owned by Defendant Bristol Auburn Partners, LLC. Upon information and belief,

the subject apartment complex is managed and maintained by Defendant Ram Partners, LLC.

## PARTIES AND VENUE

2. Plaintiff, Sydney Williams (hereinafter "Sydney"), is an adult resident citizen of Volusia County, Florida.

3. Defendant, Bristol Auburn Partners, LLC (hereinafter "Bristol Auburn Partners"), is a Tennessee corporation with its principal place of business located at 325 Seaboard Lane, Suite 190, Franklin, Tennessee 37067. At all times material hereto, Defendant Bristol Auburn Partners owned the subject apartment complex located at 221 Armstrong Street, Auburn, Alabama 36830. Defendant Bristol Auburn Partners' registered agent for service of process is CT Corporation System, located at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

4. Defendant, Ram Partners, LLC ("Ram Partners" or "Defendant"), is a Georgia corporation with its principal place of business located at 1100 Circle 75 Parkway SE, Suite 1200, Atlanta, Georgia 30339. At all times material hereto, Defendant Ram Partners provided property management services and maintained the premises of the subject apartment complex located at 221 Armstrong Street, Auburn, Alabama 36830. Defendant Ram Partners' registered agent for service of

process is Brenda R. Lindner. Ms. Lindner's physical address for service of process is 1100 Circle 75 Parkway, SE, Suite 1200, Atlanta, Georgia 30339.

## JURISDICTION AND VENUE

5. Plaintiff is a citizen of the State of Florida. Defendants Bristol Auburn Partners and Ram Partners are citizens of the States of Tennessee and Georgia, respectively. The amount in controversy, without interest and costs, exceeds the sum of value specified by 28 U.S.C. § 1332.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3).

## FACTS

7. Sydney Williams moved into apartment 1104 at the Two 21 Armstrong apartment complex on August 17, 2019. She noticed an extremely strong smell of must and mildew upon entering the apartment.

8. On August 18, 2019, Sydney heard dripping in the water heater closet and discovered a water leak emanating from the apartment above hers. The floor of the water heater closet was flooded and the ceiling/walls appeared to be covered in mold. On said date, Sydney submitted a high priority maintenance request to the apartment complex describing the severity of the situation.

9. In late August 2019, employees and/or agents, whose identities are currently unknown, "completed" Sydney's maintenance request by stopping the flooding, scraping the mold spores, and painting over areas that were believed to

contain mold. Upon information and belief, mold spores were still left on the ceiling and walls.

10. Subsequently, in October 2019, Sydney became extremely sick and began experiencing the following symptoms: fever, chills, sore throat, muscle pains, inability to eat, numbness and pain in her extremities, and she was unable to get out of bed for several days. Due to the severity of her symptoms, Sydney was unable to complete the remainder of her fall 2019 semester at Auburn University and was forced to fly home to Edgewater, Florida.

11. On November 26, 2019, EMSL Analytical, Inc. performed mold testing of the subject apartment **after** it was purportedly remediated and cleaned. The subject apartment tested positive for the presence of aspergillus/penicillium mold, Cladosporium mold, and ascotricha/dicyma mold even after it was allegedly cleaned.

12. Sydney was diagnosed with mold toxicity in approximately March of 2020, which resulted from mold exposure at the subject apartment complex.

13. As a direct and proximate result of being exposed to dangerous mold at the subject apartment complex, Sydney Williams has been permanently injured, has suffered harm and injuries, lost educational opportunities, lost educational expense, lost income, suffered extreme mental anguish, and has and will experience emotional suffering in the past and future. Additionally, Plaintiff will

4

continue to require medical care and treatment for the injuries she sustained at the subject apartment complex.

14. Defendants knew or should have known that the subject premises was contaminated by toxic mold, and had been damaged by water, humidity and that such damage had not been properly remediated.

## **COUNT I – NEGLIGENCE AGAINST ALL DEFENDANTS**

15. Plaintiff restates all of the preceding allegations as if fully stated herein.

16. At all times herein, Defendants, as landlord, owner, operator, manager, and/or successors, or legally beneficial owners had legal duties, express and implied, to repair and to perform necessary maintenance on the subject premises, collectively, jointly, and severally, and to comply with all applicable municipal, state and county codes.

17. Defendants were negligent, careless, and reckless in the following respects, among others, in their failure to:

    a. Prevent or repair water leakage;

    b. replace damp drywall;

    c. remove mold and mildew;

    d. properly install and provide ventilation and plumbing to prevent the presence of airborne mold;

  e. seek proper remediation services of the disrepair which led to the growth of toxic and proliferation of toxic mold; and

  f. prevent drywall surfaces from becoming wet and moldy as a result of inadequate installation and plumbing provided in the subject premises.

18. Defendants allowed and permitted damp, water saturated walls, ceilings, and surfaces and, more particularly, the presence of toxic molds in the walls and air of the subject premises, which caused airborne spores and toxic particles to be present in the air of the premises, as well as contaminating all surfaces and property within the subject premises.

19. As a direct and proximate result of Defendants' negligence, Plaintiff was damaged and such negligence caused or contributed to cause Plaintiff to sustain bodily injury in one or more of the following respects, to-wit:

  a. Extreme fatigue;

  b. headaches;

  c. damaged immune system;

  d. fever;

  e. chills;

  f. sore throat;

    g. muscle pains;

    h. inability to eat;

    i. numbness and pain in her extremities;

    j. extreme mental anguish and emotional suffering;

    k. other mold exposure related symptoms; and

    l. was and will be required to undergo multiple doctor visits, continued medical treatment for permanent injuries resulting from the apartment conditions, and additional medical monitoring and care.

20. As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has incurred and will continue to incur expenses for the treatment of the injuries sustained by her, has been caused to sustain pain and suffering, and will be caused great pain and suffering in the future, all to her loss and damage.

21. As a further direct and proximate result of the aforesaid negligence of Defendants, Plaintiff lost educational opportunities by being forced to suspend her college studies, lost educational expenses, was forced to continue to pay rent for an apartment where she no longer lived, and will lose income in the future as a result of her lost educational opportunities.

22. Therefore, Plaintiff requests this Court enter judgment against the Defendants for compensatory and punitive damages, plus costs, such interest and

any other damages as may be allowed by law and demands a trial by jury of all issues so triable.

## **COUNT II – BREACH OF WARRANTY OF HABITABILITY AGAINST ALL DEFENDANTS**

23. Plaintiff restates all of the preceding allegations as if fully stated herein.

24. Plaintiff was a tenant who entered into a lease agreement for the subject premises which did not comply with numerous County and State ordinances, thus rendering the subject premises uninhabitable.

25. Plaintiff subsequently suffered dangerous/unsanitary conditions at the premises including but not limited to:

   a. Exposure to harmful levels of toxic molds;

   b. damp, water saturated walls, ceilings, and surfaces and, more particularly, the presence of toxic molds in walls and on surfaces, which caused airborne spores and toxic particles to be present in the air of the premises, as well as contaminating all surfaces and property within the subject premises; and

   c. improperly installed plumbing and other utilities which led to the presence of excessive humidity, moisture, and dampness within the subject premises, causing and contributing to cause the growth of excessive amounts of toxic molds in the walls, air, and on surfaces

within the subject premises that caused her to develop various illnesses and medical conditions.

26. Defendants were given reasonable notice of the defective and uninhabitable conditions by Plaintiff and failed to adequately correct problems when notified.

27. Defendants failed to restore the premises to a habitable condition.

28. Defendants' failure to provide a safe premise as they represented to the Plaintiff constitutes breach of the implied warranty of habitability.

29. Plaintiff was injured by exposure to toxic mold and sustained bodily injury, in one or more of the following respects, to-wit:

    a. Extreme fatigue;

    b. headaches;

    c. damaged immune system;

    d. fever;

    e. chills;

    f. sore throat;

    g. muscle pains;

    h. inability to eat;

    i. numbness and pain in her extremities;

    j. extreme mental anguish and emotional suffering;

    k. other mold exposure related symptoms; and

    l. was and will be required to undergo multiple doctor visits, continued medical treatment for permanent injuries resulting from the apartment conditions, and additional medical monitoring and care.

30. Plaintiff, as a direct and proximate result of the negligence of Defendants, has been damaged in one or more of the following respects, to-wit: by incurring property damage, lost rent, lost wages, loss of income, higher utility bills, damage to credit, an inability or decreased ability to work due to injuries and pain and suffering, anguish of mind, and all other suffering thereto.

31. Therefore, Plaintiff requests this Court enter judgment against the Defendants for compensatory and punitive damages, plus costs, such interest and any other damages as may be allowed by law and demands a trial by jury of all issues so triable.

## COUNT III – TRESPASS AGAINST ALL DEFENDANTS

32. Plaintiff restates all of the preceding allegations as if fully stated herein

33. At all times set forth herein, Defendants, by and through their agents, servants and employees, did trespass upon the Plaintiff by interfering with the Plaintiff's possessory rights as tenant and intentionally acted in such a

manner that constituted physical invasion of the Plaintiff's property as tenant by allowing prolific growth of mold and other noxious gaseous.

34. That all of the acts and conduct of the Defendants were done without the consent or permission of the Plaintiff.

35. By reason of the acts, trespasses, and conduct of the Defendants, Plaintiff has suffered damages collectively and/or alternatively to her property in a sum as yet incapable of ascertainment.

36. Therefore, Plaintiff requests this Court enter judgment against the Defendants for compensatory and punitive damages, plus costs, such interest and any other damages as may be allowed by law and demands a trial by jury of all issues so triable.

## **COUNT IV – NUISANCE AGAINST ALL DEFENDANTS**

37. Plaintiff restates all of the preceding allegations as if fully stated herein.

38. The actions of Defendants have interfered with the use by Plaintiff of the subject premises.

39. Defendants' negligence in having, keeping, and maintaining defective and dangerous conditions on the subject premises has unreasonably interfered with Plaintiff's use and enjoyment of the subject premises by causing

and permitting the presence and accumulation of humidity, excessive moisture, and toxic molds in the subject premises.

40. That due to the negligence of Defendants in having, keeping, and maintaining defective and dangerous conditions on the subject premises, the nuisances thereon were caused by the following:

    a. Excessive levels of humidity, moisture and dampness;

    b. sporulation and excessive levels of growth of toxic mold; and

    c. faulty and inadequate installation of plumbing and drainage for the subject premises.

41. Defendants' negligence in installation and maintenance of the water heater, plumbing, and other utilities is so unreasonable, unusual, and unnatural that it is substantially impairing the rights of Plaintiff to enjoy the subject premises.

42. As a direct and proximate result of Defendants' acts of nuisance, Plaintiff was injured by exposure to toxic mold and sustained bodily injury, in one or more of the following respects, to-wit:

    a. Extreme Fatigue;

    b. headaches;

    c. damaged immune system;

    d. fever;

    e. chills;

    f. sore throat;

    g. muscle pains;

    h. inability to eat;

    i. numbness and pain in her extremities;

    j. extreme mental anguish and emotional suffering;

    k. other mold exposure related symptoms; and

    l. was and will be required to undergo multiple doctor visits, continued medical treatment for permanent injuries resulting from the apartment conditions, and additional medical monitoring and care.

43. Further, Plaintiff, as a direct and proximate result of the negligence of Defendants, has been damaged in one or more of the following respects, to-wit: by incurring property damage, lost rent, lost benefit of the bargain, lost wages, loss of income, higher utility bills, damage to credit, an inability or decreased ability to work due to injuries and pain and suffering, anguish of mind, and all other suffering thereto.

44. Therefore, Plaintiff requests this Court enter judgment against the Defendants for compensatory and punitive damages, plus costs, such interest and any other damages as may be allowed by law and demands a trial by jury of all issues so triable.

## COUNT V
## RES IPSA LOQUITUR AGAINST ALL DEFENDANTS

45. The Plaintiff restates all of the preceding allegations as if fully stated herein.

46. In the alternative to Counts I through V, Defendants are negligent under the principle of *Res Ipsa Loquitur* in that the Plaintiff was damaged because of her occupancy, lease hold, and residency in the subject premises.

47. The acts or omissions were caused by instrumentalities under the exclusive control of the Defendants, including, but not limited to, the lack of maintenance and ventilation of the air conditioner, dryer, and utilities and prevention of water leakage and toxic mold growth and proliferation into the air creating a dangerous condition.

48. The acts and omissions which led to Plaintiff's damages are set forth below and were under Defendants' exclusive control. Said acts and omissions include, but are not limited to, the following:

   a. Failure to maintain facilities which allowed water damage and excessive and dangerous levels of mold into the air and other noxious gaseous to exist in the subject premises;

   b. failure to maintain facilities which allowed sporulation and excessive levels of growth of toxic mold to develop into the air stream;

   c. failing to maintain or maintaining faulty HVAC systems; and

14

    d. allowing and failing to maintain excessive water damage from leakage of utilities and surrounding units which resulted in acute respiratory dysfunction and other injuries as described herein of the kind which ordinarily do not occur without someone's negligence.

49. That the Defendants had superior knowledge or means of information as to the causes of the conditions described herein. Defendants, collectively, were responsible for furnishing and maintaining the premises, including prevention of water damage, mold growth and proliferation, and poor air quality and for furnishing a habitable apartment as maintenance, landlords, owners, and operators.

50. Therefore, Plaintiff requests this Court enter judgment against the Defendants for compensatory and punitive damages, plus costs, such interest and any other damages as may be allowed by law and demands a trial by jury of all issues so triable.

## COUNT VI
## NEGLIGENCE – BREACH OF DUTY FOR FAILURE TO PREVENT WATER LEAKAGE AND/OR FAILURE TO PROPERLY REMEDIATE WATER LEAKAGE– PROPERTY DAMAGE AGAINST ALL DEFENDANTS

51. The Plaintiff restates all of the preceding allegations as if fully stated herein.

52. Defendants had a legal duty to use the highest degree of care to keep, repair, operate and maintain each and all of the windows, doors, roofing, plumbing equipment, appliances and HVAC equipment and all parts, appliances, apparatuses, pipes, valves, fixtures and insulation thereof, so that the same should not cause or produce a discharge of water in or about the premises of the aforementioned apartment occupied by Plaintiff.

53. Defendants, collectively and/or alternatively, acting as agents, servants, successors in interest, predecessors, partnership, and/or legally beneficial owner, and/or employees of each other, failed to perform this duty in that they carelessly and negligently caused, suffered, and permitted the windows, doors, roofing, plumbing, appliances and HVAC equipment and the parts, appliances, apparatuses, pipes, valves, fixtures and insulation thereof to emit and discharge water, the exact nature of which is within the peculiar and particular knowledge of the Defendants and outside the scope and knowledge of Plaintiff, over and upon the Plaintiff and all parts of her body and upon the furniture, furnishings, and personal property belonging to Plaintiff located in, on, and about the premises of the aforementioned subject property occupied by Plaintiff, thereby causing the injuries and damages to Plaintiff and her property as hereinafter more fully set out.

54. As a direct and proximate result of the water leakage conditions, the Plaintiff was damaged and injured in that her property was damaged and that she was, to an extent not ascertainable with particularity, obliged to expend money for medical care and suffered loss of education.

55. As a direct and proximate result of the negligence and carelessness of Defendants, their agents, servants and employees, as aforesaid, at the time and place as stated, Plaintiff, due to water leakage and mold accumulation, sustained damage to her household items, including, but not limited to, furniture, clothes, documents, and all other personal items.  Further, Plaintiff seeks compensatory damages and punitive damages for lost wages, lost educational opportunities, rent expenditures, pain and suffering, property damage, and leasing space to Plaintiff when Defendants knew or should have known that water leakage and mold existed on the premises.

56. Therefore, Plaintiff requests this Court enter judgment against the Defendants for compensatory and punitive damages, plus costs, such interest and any other damages as may be allowed by law and demands a trial by jury of all issues so triable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims so triable.

/s/ Emily Hornsby
Emily Hornsby (GA Bar No. 440709)
Matthew G. Garmon (*pro hac vice to be filed*)
**MORRIS HAYNES**
3500 Colonnade Parkway, Suite 100
Birmingham, Alabama 35243
T:   (205) 324-4008
F:   (205) 324-0803
E:   ehornsby@mhhlaw.net
     mgarmon@mhhlaw.net

*Attorneys for the Plaintiff*